## CIVIL ACTION TERMINATED BY UNLAWFUL DISCHARGE OF JURY.

Circuit Court of Hamilton County.

FRANCISKA RAU, EXECUTRIX, v. L. RISIDEN.

Decided, May 16, 1908.

*Trial—Discharge of Jury—Unauthorized, When—Cause Terminated Thereby—Discretion of Court—Res Judicata—Sections 5195 and 5196.*

The power to discharge the jury in a civil cause during trial or after the cause is submitted and before verdict is not discretionary in a court, but must be based on a finding that some necessity exists for such action, or upon consent of both parties; and where the record discloses no necessity for such action beyond a bare request by the plaintiff, and no consideration by the court of the necessity for so doing, the discharge is unauthorized and deprives the court of further jurisdiction, and a motion to dismiss the action should be granted.

*Cormany & Cormany* and *John J. Gasser,* for plaintiff in error. *Stanley Matthews* and *Burch, Peters & Matthews,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

It is apparent from Sections 5195 and 5196, Revised Statutes, that the power to discharge a jury during the trial or after the cause is submitted and before verdict is not discretionary in the court, but must be based upon a finding of some necessity for such action, or upon the consent of both parties. In the case of *Dobbins* v. *State,* 14 O. S., 493, the third proposition of the syllabus is as follows:

"To justify holding the accused to a further trial, after such discharge, the record must show that an obstacle which the law will recognize as a necessity, did in fact exist, that it engaged the attention of the court, and that the order was based thereon, and was the result of consideration and decision; but it need not show all the facts and circumstances which influenced the decision, unless made part thereof by bill of exceptions."

Although that was a criminal case the same rule would seem to apply here in a civil action. In the case of *State* v. *Behimer*, 20 O. S., 572, in discussing the constitutional provision that no person shall "be twice put in jeopardy for the same offense" it is said at page 576:

"The constitutional provision extends the common law maxim, which was limited to felonies to all grades of offenses; and it is but the application to the administration of criminal justice, of a more general maxim of jurisprudence, that no one shall be twice vexed for one and the same cause. On this maxim rests the whole doctrine of *res judicata*. The object of incorporating it into the fundamental law, was to render it, as respects criminal causes, inviolable by any department of the government."

The record in this case discloses no reason for the action of the court, nor that anything engaged the attention of the court other than a bare request by the plaintiff that the jury be discharged and the case continued. If the unauthorized discharge of the jury in a criminal case legally ends the prosecution, there seems good reason to hold that such discharge in a civil action works, under the maxim above referred to, a like termination. We are of opinion, therefore, that the court had no jurisdiction to further try the case and the motion to dismiss the action should have been sustained.

Judgment reversed and cause remanded to be dismissed for want of jurisdiction.